**IN THE COURT OF APPEALS OF IOWA**

No. 23-0977
Filed August 9, 2023

**IN THE INTEREST OF M.H. and K.H.,**
**Minor Children,**

**W.S., Mother,**
　　　Appellant.
_____

Appeal from the Iowa District Court for Clinton County,
Kimberly K. Shepherd, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights to
her minor children. **AFFIRMED.**

Patricia Rolfstad, Davenport, attorney for appellant mother.

Brenna Bird, Attorney General, and Dion D. Trowers, Assistant Attorney
General, for appellee State.

Gina L. Kramer of Kramer Law Office, PLLC, Dubuque, attorney and
guardian ad litem for minor children.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of both parents of two children.  Only the mother appeals.

We conduct de novo review of orders terminating parental rights.  *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).  We follow a three-step analytical process in such review consisting of determining (1) whether a statutory ground for termination exists, (2) whether termination is in the children's best interests, and (3) whether to apply a permissive exception provided by Iowa Code section 232.116(3) (2023).  *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021).  We do not address any step not challenged by a parent.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  The mother concedes that statutory grounds exist for termination of her rights, so she limits her challenge to the second step.[1]  She also argues she should be given additional time to work toward reunification.

Before addressing the two issues, some history is in order.  When the older

---

[1] In challenging the best-interests step, the mother makes reference to her claimed bond with the children.  A parent's bond with a child potentially triggers the third step in the analysis, namely the permissive exception for termination found in Iowa Code section 232.116(3)(c).  *See* Iowa Code § 232.116(3)(c) (permitting the court not to terminate parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship").  However, the mother does not develop any specific argument for application of this exception; so, if the mother intended to lodge a challenge based on this exception, we deem the argument waived.  *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all-encompassing argument is insufficient to identify error in cases of de novo review."); *In re B.D.*, No. 23-0105, 2023 WL 2671958, at *1 (Iowa Ct. App. Mar. 29, 2023) ("By failing to properly identify, present, and develop [the issues the mother seeks to have reviewed on appeal], the mother has waived them.").  That being said, even if the mother had not waived the issue, following our de novo review, we would not apply the permissive exception for the same reasons we find that termination is in the children's best interests later in this opinion.

child was born in 2021, the child tested positive for methamphetamine and the mother admitted to illegal drug use. The child remained in the custody of the parents under a safety plan, which provided services needed to address the parents' drug problems. The services were apparently unsuccessful because, when the younger child was born in 2022, both the mother and the child tested positive for methamphetamine. Both children were removed from the parents' custody at that time, and neither had been returned to the parents' custody by the time of the termination hearing in April 2023. As a result, the younger child has never been in the custody of either parent. Additional details will be provided as the issues are addressed.

In assessing whether termination is in the children's best-interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The mother contends termination is not in the children's best interests because she has a bond with the children, and, since the children are not placed with a relative, termination will permanently deprive the children of their familial connection. She also points out that she has consistently attended visits with the children.

As a start, we note "[c]onsideration of the parent-child bond is not a part of our best-interests analysis." *In re E.S.*, No. 23-0590, 2023 WL 4104126, at *2 (Iowa Ct. App. June 21, 2023) (citing *In re A.B.*, No. 23-0235, 2023 WL 3335422, at *2 (Iowa Ct. App. May 10, 2023) ("In considering the best interests of the children, we are required to use the best-interests framework set out by our legislature. And

that framework does not include the word 'bond.'" (internal citation and footnote omitted))). Regardless, we are not convinced that the mother's bond with the children is as strong as she claims. The younger child has never been in the mother's custody, and the mother's contact with the child has been limited to visitation. As to the older child, nothing in the record suggests a particularly strong bond between parent and child. Moreover, the child has sensory issues that are made worse by inconsistency in her life, and the mother has contributed to that inconsistency.

The fact the mother attends visitation and does well in her interactions with the children at those visits does not overcome the fact that those visits remain supervised. Meeting the children's needs for brief periods of time when monitored by others does not dissuade us from concluding that termination is in the children's long-term best interests. The mother has not demonstrated that she can be a constant parent independently. *See In re J.H.*, 952 N.W.2d 157, 170 (Iowa 2020) ("[T]here is a substantial difference between meeting a child's needs under the supervision and guidance of other people and being able to independently care for a child . . . .").

The mother also stresses her progress in treatment as warranting a finding that termination is not in the children's best interests. But we do not share the mother's view of her progress. The mother has been in and out of treatment throughout the course of the juvenile court's involvement. One month before the termination hearing, the mother left a treatment facility after testing positive for methamphetamine. She was supposed to go to another, more intensive treatment facility immediately after leaving the prior facility, but she waited several days.

Once she did enter the more-intensive facility, she left one week later. She had not returned to treatment by the time of the hearing. We are not convinced this is the conduct of someone who has kicked her substance-abuse problem. In short, the mother asks us to speculate on her future sobriety to conclude that termination is not in the children's best interests. However, rather than speculating about the future, "it is more accurate to look in the rear-view mirror and make a decision for [the children] based on what has already happened in [the children's] li[ves]." *In re B.H.A.*, 938 N.W.2d 227, 236 (Iowa 2020). That rearward view strongly suggests termination is in the children's best interests.

Finally, we note that the children are doing very well in their current foster home and the foster parents intend to adopt the children. Again, this weighs in favor of termination, as termination is a necessary step prior to adoption—and thus permanency. *See* Iowa Code § 232.116(2)(b) (directing that consideration be given to whether the children have been integrated into the foster family and "whether the foster family is able and willing to permanently integrate the child[ren] into the foster family" when making a best-interest determination). In sum, we agree with the juvenile court that termination of the mother's parental rights is in the children's best interests.

The mother also asks for additional time to work toward reunification. Granting additional time is an available option. *See* Iowa Code § 232.117(5) (allowing the court to order any permanency option available under section 232.104 if the court decides not to terminate parental rights); *see also id.* § 232.104(2)(b) (providing for a permanency option of giving a parent an additional six months to work toward reunification). However, before this option may be

exercised, we must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). We are unable to enumerate such factors. While the mother touts her progress, and she has made some, the progress has not been sufficient to convince us that the need for removal will no longer exist in six months. As noted, the mother tested positive for methamphetamine and left treatment twice in the month before the termination hearing. We agree with the juvenile court's assessment that "[t]he mother has had many stops and starts in drug treatment, but has not yet been able to complete a program, nor has she been able to maintain her sobriety." We do not anticipate a sustained change to the mother's pattern of progress and regression within the next six months. Under these circumstances, we do not grant the mother additional time to work toward reunification.

Having concluded that termination of the mother's rights is in the children's best interests and additional time to work toward reunification is not warranted, we affirm the juvenile court's order terminating the mother's parental rights to the children.

**AFFIRMED.**